UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLALLAM COUNTY SHERIFF; ALEX SCHODOWSKI; DAVE NEUPERT; BRENT BASDEN; AURORA BEARSE; GRADY LEUPOLD,<br><br>　　　　　Defendants. | Case No. 3:24-cv-05340-TMC<br><br>SCREENING ORDER |

## I.   INTRODUCTION

In this case, pro se Plaintiff Geneva Langworthy sues the "Clallam County Sheriff"; Judge Alex Schodowski; Judge Dave Neupert; Prosecutor Mark Nichols, the Clallam County District Attorney's Office, Judge Brent Basden; the Clallam County District Court; Zach Meyers; Judge Aurora Bearse; the U.S. District Court for the Western District of Washington; the U.S. Magistrate Judges of this district, and U.S. Magistrate Judge Grady J. Leupold

SCREENING ORDER - 1

(individually).[1,2] Her claims stem from a property dispute with her neighbors that led to them obtaining an anti-harassment order against her in Washington state court. She claims primarily that the various judges involved in her state court cases conducted illegitimate proceedings and rendered incorrect decisions against her. For the following reasons, all of Ms. Langworthy's claims are dismissed.

## II.    DISCUSSION

**A.  Legal Standards**

  *1.  Section 1915 Screening*

The district court may permit indigent litigants to proceed in forma pauperis ("IFP") upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court must subject a civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte

---

[1] While her pro se complaint form does not name each party listed as a defendant here, *see* Dkt. 1-1 at 2, Ms. Langworthy's "statement of claims," submitted along with her proposed complaint, contains what appear to be allegations against them. Construing the complaint liberally, as the Court must do for pro se plaintiffs, the Court treats the Western District and the U.S. Magistrate Judges as named defendants in this case. *See Woodruff v. Mueller*, No. C 02–3307 VRW, 2004 WL 724886, at *1 (N.D. Cal. Mar. 24, 2004) (identifying the named defendants by looking to the "body of the complaint" where the pro se plaintiff did not specifically name all defendants in the caption of her filings as required by Federal Rule of Civil Procedure 10(a)).

[2] In the Ninth Circuit, judges are not required to recuse when the plaintiff names the federal district they sit in as a defendant in the suit. *See Glick v. Edwards*, 803 F.3d 505, 510 (9th Cir. 2015). The Court declines Ms. Langworthy's request for transfer of venue due to a conflict of interest. Dkt. 1-1 at 42.

SCREENING ORDER - 2

dismiss an IFP complaint that fails to state a claim); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

An IFP complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989). Under this standard, a court may dismiss a claim that is based on an "indisputably meritless legal theory." *Neizke*, 490 U.S. at 327.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)"—the statute's second ground for dismissal—"is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id.*

The Court must dismiss an IFP action "at any time" during the case when it determines that the IFP complaint (or proposed complaint) is subject to dismissal under section 1915's screening provision. *See* § 1915(e)(2)(B). Courts in the Ninth Circuit may screen an IFP complaint before determining whether the plaintiff qualifies financially for IFP status, and a determination that a complaint is subject to dismissal under the statute itself warrants both dismissing the complaint and denying a pending motion to proceed IFP. *See Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("A prisoner's civil action may be dismissed under § 1915(e)(2) or § 1915A before any

SCREENING ORDER - 3

fees have been paid, and thus before 'filing' occurs." (quoting *Ford v. Johnson*, 362 F.3d 395, 399–400 (7th Cir. 2004)); *see also id.* (construing "a district court's termination of an in forma pauperis complaint during the screening process for a reason enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a dismissal pursuant to the applicable section").

Dismissal is also warranted under Section 1915 if the complaint raises claims that are duplicative or repetitive of an earlier-filed complaint. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing, under an earlier version of the statute, that a district court does not abuse its discretion by dismissing a duplicative complaint as "frivolous or malicious"); *Chang v. Vanderwielen*, No. C22-0657-JCC, 2022 WL 1554892, at *1 (W.D. Wash. May 17, 2022) ("An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under § 1915."); *see also id.* (dismissing proposed complaint that was "similar, in all material respects, to the complaint [the plaintiff] filed in an earlier-filed case").

Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

2. Judicial Immunity

Judges generally have absolute immunity from lawsuits for money damages. *See Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). "Courts have articulated only two circumstances in which judicial immunity does not apply": "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and actions that "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *See id.*

SCREENING ORDER - 4

In determining if an action is judicial, courts consider whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc).

As to lack of jurisdiction, a judge will be immune for a particular action if their "ultimate acts are judicial actions taken within the court's subject matter jurisdiction," even if the motives underlying the ultimate act are "clearly improper." *See Ashelman*, 793 F.2d at 1078 (citations omitted) ("Judges' immunity from civil liability should not be 'affected by the motives with which their judicial acts are performed.'" (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 200 (1985)); *see also id.* ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors. As long as the judge's *ultimate acts* are judicial actions taken within the court's subject matter jurisdiction [sic], immunity applies." (emphasis added)).

If immunity applies, it applies "however erroneous the [judge's] act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger,* 474 U.S. at 199 (internal quotation marks omitted) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978)), *cert. denied*, 488 U.S. 995 ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity.").

SCREENING ORDER - 5

Judicial immunity against lawsuits for money damages applies to civil rights claims brought under section 1983 and the ADA. *See Ashelman*, 793 F.2d at 1075 (regarding section 1983 claims); *Lund*, 5 F.4th at 970–72 (regarding ADA claims).

**B. Analysis**

   1. *Claims against the "Clallam County Sheriff"; Judge Alex Schodowski; Judge Dave Neupert; Prosecutor Mark Nichols, the Clallam County District Attorney's Office, Judge Brent Basden; the Clallam County District Court; Zach Meyers; Judge Aurora Bearse; the U.S. District Court for the Western District of Washington; and the U.S. Magistrate Judges of this district.*

Ms. Langworthy's claims against "Clallam County Sheriff"; Judge Alex Schodowski; Judge Dave Neupert; Prosecutor Mark Nichols, the Clallam County District Attorney's Office, Judge Brent Basden; the Clallam County District Court; Zach Meyers; Judge Aurora Bearse; the U.S. District Court for the Western District of Washington; and the U.S. Magistrate Judges of this district are duplicative of claims brought in an earlier-filed lawsuit in this district. *Compare* Dkt. 1-1 at 6–38, *with* 3:24-cv-05258-TMC, Dkt. 1-2 at 1–33. As explained, courts may dismiss complaints that are duplicative of complaints in earlier-filed cases. *See Cato*, 70 F.3d at 1105 n.2. The Court will dismiss the claims against the above-mentioned defendants without prejudice to Ms. Langworthy's earlier-filed case, but otherwise with prejudice. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

   2. *New Claim Against U.S. Magistrate Judge Grady J. Leupold*

Ms. Langworthy adds one new claim to her complaint against U.S. Magistrate Judge Grady J. Leupold, whom she sues for "denial of procedural and substantive due process, denial of equal protection, discriminatory animus (Civil Rights Act of 1964), and of first amendment retaliation," as well as "oathbreaking and breach of duty." Dkt. 1-1 at 38–39. Her claims concern

Judge Leupold's decisions in other cases referred to him in this District. However, Ms. Langworthy provides no allegations showing that Judge Leupold was without jurisdiction to issue any of the decisions she complains of. Judicial immunity bars Ms. Langworthy's claims arising from these allegations and the Court must dismiss them with prejudice and without leave to amend. *See Stewart v. Aloia*, 231 F. App'x 724, 724–25 (9th Cir. 2007) (affirming dismissal with prejudice of claims barred by judicial immunity); *Sanzaro v. Vega*, 623 F. App'x 515, 516 (9th Cir. 2015) (affirming dismissal of claim barred by judicial immunity without leave to amend because the deficiencies in the complaint could not be cured by amendment).[3]

### III. CONCLUSION

For the reasons explained above, the Court DISMISSES all of Ms. Langworthy's claims filed in this case WITH PREJUDICE, except her duplicative claims are dismissed WITHOUT PREJUDICE to her earlier-filed case. Ms. Langworthy's motion for court-appointed counsel (Dkt. 5) and motion for preliminary injunction (Dkt. 6) are DENIED AS MOOT.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of July, 2024.

Tiffany M. Cartwright
United States District Judge

---

[3] Ms. Langworthy requests both monetary damages and "prospective injunctive relief from ongoing rights violations" for her claims. Dkt. 1-1 at 45. The Court's holdings regarding judicial immunity apply to both requests for relief, as "[j]udicial immunity is not limited to claims for monetary damages and extends to claims for declaratory or injunctive relief." *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996).